Good morning, your honors. Kevin Little on behalf of the plaintiffs and appellants in this case. James Madison wrote a very clear first clause of the Fourth Amendment providing that the right of the people to be secure in their persons, houses, papers, and effects shall not be subject to unreasonable search and seizure. This court has previously been confronted with a similar argument here. In Groh v. Ramirez, the court found, even though there was no case law directly pertinent to the issue, the court found that the language of the amendment itself was sufficient to show that the officers in that case were not entitled to qualified immunity. And remind me again of why you're citing Groh? Your honor, Groh, I'm sorry, your honor, Groh was a case in which the warrant contained absolutely no particularity. Okay, but we're talking about, in this case, we're talking about a warrant that was very specific. It was.  What we're really talking about here is whether the Fourth Amendment was designed to cover, if you will, theft of items that were taken properly pursuant to a warrant. That's the issue before us, is it not? I would disagree with your honor only to the following extent. The matters that are at issue in this case were not seized properly pursuant to the warrant. They were never. Say that. They were never booked as evidence. They were never reported as being seized. They were unlike. But was it within the scope of the warrant? Well, it was, but in all of the cases. But it was authorized to be seized, right? Well, all monies were authorized to be seized. However, in all of the cases that the Court cited, the money that was seized was equally authorized to be seized, but it was also reported as being seized. Here, there wasn't. At the moment that this seizure occurred, we would submit it was the same as if the officers had taken it and set it on fire. But with respect, and following up on my colleague's comment, you're claiming a Fourth Amendment violation. Yes. And the question would raise two questions. Number one, does the Fourth Amendment contemplate something that happened after property was seized? And we have to talk about what seized means. And then you have the question of whether there's any case on point that would allow a reasonable officer to know that he or she could not take the property as you have alleged. You may have a problem on both counts. So let's start with the seizure. Isn't it very fair? And I frankly found it very interesting to go through some of the historical background on this. And as fascinating as James Otis and all those good folks were from back in the English and colonial period were, I didn't find anything that suggests that the Fourth Amendment ever contemplated the factual situation we're talking about here. Do you have any case that you can cite to me where the Fourth Amendment was applied to find a constitutional breach if an officer who properly seized something under a warrant didn't account for it in the proper way? Well, Your Honor, yes. With respect to this, there are at least two circuits, the second and I believe also the tenth. And no, the second and the seventh that have held that a seizure for an officer's personal gain during the course of the execution of a warrant is unconstitutional. Boy, we have a lot of different research. I found one in the fourth that relies improperly on a U.S. Supreme Court case that doesn't say anything like they said it did. But the second and the seventh and the eleventh I think all disagree with you. So what second circuit case are you talking about? Your Honor, it was cited in the brief and I wrote some extensive notes here, but unfortunately they don't include the name of the case, but it is cited in the brief. And it's also cited in the district court's opinion. I believe it was a seventh circuit case. And you're claiming that those cases deal with your factual situation? Well, actually... Not just that something was seized pursuant to a warrant, but that the Fourth Amendment protects against what is done with the property after it has been properly seized. And, Your Honor, I must take issue with this. This was, I think, the sticking point between the police and I. This was not seized pursuant to the warrant. The warrant required this to be inventoried and reported. But the warrant listed a list of property, and among those was the money that you were specifically talking about. Right? And it was supposed to be seized, and it was supposed to be seized for purposes of the investigation. Well, that's the underlying issue. Here. But in the warrant itself, are you saying that it says it's got to be properly inventoried? Actually, in the order itself, and we cited to it repeatedly in our briefs, it specifically instructs the officers what they're supposed to do with the evidence after it's seized. Is that in the warrant? Yes, it is. And with respect to this case... The argument is it's not seized because it's not seized pursuant to the terms of the warrant, or is it the warrant wasn't properly executed? It's a little bit of both, Your Honor, and the reason I say that is the following. The warrant obviously gave the officers the right to enter. It gave them access to the property. But notwithstanding, this Court's precedent and the Supreme Court's precedent is clear that they still cannot violate the possessory interests of the owner. For instance, and I don't say this to be trite or cheeky, but if the officers had come in pursuant to the warrant, had seized the same money, and had essentially just set it on fire, that clearly, under this Court's precedent, in Tamara and Chinn and Tarpley, would be a violation of the Fourth Amendment. Okay. If we were to say, yes, there was a Fourth Amendment violation... Yes, Your Honor. It's clearly established that they can't, that there, since there's all these cases out there that seem to be in disagreement as to whether it's a Fourth Amendment violation. That's right. We have a disagreement between various circuits as to whether when you violate, when you commit a Fourth Amendment violation, it may not be covered by the Constitution in this situation. Or I don't know how to phrase it. A theft by the officers is not clearly established as a Fourth Amendment violation, even if we think it is. So you've still got a problem. Your Honor, I think in some respects this case is unique, and I can explain why I think it's unique. But isn't that fatal to your case? I don't think so, because the... Because there's no clearly established law at that point if it's unique. So if it's unique, then how, then what case tells every reasonable officer that they would be violating the Fourth Amendment by engaging in the conduct? You may have separate conversion claims or other common law-based claims, but we're that's why we're searching for your best case. Your Honor, this is the rare obvious case, as was said in Hunter v. Bryant's. Officers, qualified immunity is only supposed to protect officers who don't knowingly violate the law, and also protect officers not in the rare obvious case where the language of the text of the amendment itself provides and may give... No, but I think that that's where you're running into a problem with us, because you're saying it has to be obvious that the officer will be violating the law. Sure, it's obvious to everyone you can't commit thievery, but is it obvious that that would be a Fourth Amendment violation? It's that second part that you need to focus on. Yes, and I understand that, Your Honor, and I think it is. And for the... There is... The court cases that the court cited, all of those cases were cases where the property was seized. It was reported in the paperwork. The Slider case, the Springer case, the Lee case, the case versus Esslinger. And then later on, it went missing, or something happened to it, or the person had to pay a fee to get it back. Here, the evidence and the light most favorable to the plaintiff shows the officers never intended to channel this evidence. I'm willing to contemplate that this is a Fourth Amendment violation, but I don't have a case that tells me that it's within constitutional protections, under which you can sue in 1983, when you don't inventory it properly. I think that might be a Fourth Amendment violation and doesn't come up to a seizure, but the clearly established parameters are not clear to me. Your Honor, and this is a case in which officers made away with nearly $200,000 pursuant to a warrant that they never photographed as part of the warrant. They never inventoryed it. I would be willing to say it's obvious that they did wrong if they did that. Yes. But don't we have to know it's a clearly established violation of the Constitution, not that it's just a clearly established wrong? And that, Your Honor, is why I initially cited Groh v. Ramirez. In that case, the Court equally acknowledged there isn't a case that says that an officer can be sued for failing to particularize in the warrant what is to be seized. But it was so clear, Justice Stevens said, based on the language of the Fourth Amendment itself, it is so clear that this is a Fourth Amendment violation. These officers can be sued notwithstanding the fact that there is no similar prior case. My colleague is, of course, pointing out to you the problem you have under Pearson, the second prong of Pearson. I wrote a case called Al-Kid. The Supreme Court didn't agree with me, but I thought it was perfectly obvious that you can't hold somebody for 16 days without probable cause. You can't question a lawyer without a probable cause. The Court chose to focus on the issue of a material witness case. Understood. They just said there's no case like this. It can't be very general. You're out of here. Goodbye. Now, that's fine with me. I think I was right, but they're the Supreme Court. But the same principle applies here, and that is you've got to have a case that puts the officer on notice that what they do is a violation of the Fourth Amendment. Now, as my colleagues have pointed out, there may very well be state causes of action like conversion. I don't know whether the state immunity protects them in that. I don't know. But the reality is I don't know of any Fourth Amendment case that says that an officer, a reasonable officer, would know if they did the things that you've alleged that they would be violating the Fourth Amendment. Now, they may know they were stealing. They may know that they were converting somebody else's property. That's a state issue. That's not a constitutional issue, is it? Your Honor, I believe it is a constitutional issue. And the reason why I say that, if, and qualified immunity cases also provide, if there are cases that give the officers a reasonable indication that what they're doing is illegal here, I would rely on the text of the Fourth Amendment itself. But not only that, Your Honor. Where in the Fourth Amendment? It sounds like what you're saying is, you know, if these were decent people, they would know you can't do that. Therefore, it's a Fourth Amendment violation. That's not the way it works. We need to have a case or cases that say, in these facts, there are obviously lots of allegations over the years about officers doing things they weren't supposed to. I don't know of any case that backs you up. Your Honor, you mentioned earlier that you did what you thought was right. And you followed the Constitution. And I exhort you to do that. The cases, even in Hunter v. Bryant, the Court says that not every issue needs to have a similar case. As a matter of fact, our constitutional jurisprudence would cease to grow if that were the standard. Well, we could fix that. We could decide that there was a Fourth Amendment violation, but the law wasn't clearly established. And that solves your problem, but you still don't win. Well, Your Honor, I — I mean, it solves your law-not-growing problem. Your Honor, I believe that the reason why this is a Fourth Amendment violation and to hearken back to Judge Smith's comments at the beginning, I do feel like I'm standing in James Otis's shoes. We have here what essentially is a writ of assistance, where officers use the guise of authority to come in and, without documentation, steal property. And this was not related to the investigation. This was — Again, I don't think any of us have a question that if your allegation is true, it's horrendous. That's a really sad thing. Our issue is, was it a violation of the Fourth Amendment? And as has been pointed out, there's really no law on that. Even if we were to say you were right, it wouldn't help you in this case. It would help you if you were representing somebody in a future-like case, but not now because of the second prong of Pearson. Well, Your Honor, I believe if this Court holds that this is a Fourth Amendment violation, as it should, the reason would be is that it is so obvious, based on the history of our Fourth Amendment, all of our history that led up to the enactment of that amendment, that you cannot use the guise of your authority to come in and steal property from an individual. And the distinction, and I know I'm running out of time, is that in this case there is no indication that it was properly seized and reported or any of those things. Instead, what it shows is that from the very moment that these officers entered, they were planning on stealing this. And the best example of that, Your Honor, are the coins. The officers, even during the search, decided the coins, they're not subject to the warrant. So they said, well, we'll leave the coins in the bedroom. But Detective Kumagai went back and took them anyway, never photographed them, never inventoried them. Okay. Well, I think we have your argument. Thank you very much, counsel. Thank you, Your Honors. Let's hear from opposing counsel. Good morning, Your Honors. May it please the Court. Daniel Berer for Appellees, City of Fresno, Officers Chastain and Cantu and former Officer Kumagai. And Wilson v. Lane said if the judges disagree, if the courts disagree, a government employee should not be punished for picking the losing side. There are circuits going both ways. There are circuits that agree with my colleague. There are circuits that say that it's not a Fourth Amendment issue, it's a procedural due process issue. Do you have a warrant like we have that says when you take this stuff, you have to inventory, you can only take it for the criminal case, it has to be inventoried, blah, blah, blah, blah, blah. That's all in the warrant. Did they have warrants like that? I don't know what the warrants were like there, but I don't see in this warrant, and I may be missing it at 275 to 276 of the record, that it says that. It says you take this stuff for seizure or forfeiture. It has that standard language that if you find, you know, anything described in the attachment, then you must — it doesn't say you must. If you find the same or any part thereof to retain it in your custody subject to the order of the court as provided by law. I think that's what — that's the language that counsel is relying on. So it's contemplated that if you find responsive evidence, you take it into custody and maintain it in custody subject to further order of the court. And it's possible that a court, this court perhaps, could — could interpret that to mean that the evidence was outside the warrant. It could go the other way, as those different circuits have. And I do want to throw in, we do deny that there was any theft. The — the allegations of flimsy. That's why I had to throw that in. But for purposes of this appeal and the summary judgment, we have to assume that what the plaintiffs testified to is correct. But even if it is, the courts go both ways as to whether it's Fourth Amendment or procedural due process, which you can't proceed on because there is an effective state law remedy under California law of conversion. They didn't claim in time to pursue that, so they hung their hats on Section 1983. And as the mom's case said, I'm paraphrasing, it doesn't matter whether it's clear. Any officer would know that stealing is a crime, a tort, a sin. They would have to know that it's a violation of the constitutional provision they're sued for, and it has to be clearly established for qualified immunity to be denied. Counsel, let me ask you this question. And it's a little aside from where we are, but you may know the answer. Arguendo, if we didn't agree with the city regarding the Fourth Amendment issue, I'm sorry, if we did agree with them, are there remedies under state law that would give these folks a cause of action against the officers for conversion of the coins in this case? Certainly conversion. The standard tort, right? Right. The immunities of the Government Claims Act would not immunize an officer for deliberately stealing evidence in custody. Certainly Rafael Perez found out that that's both a violation of criminal law under both federal and state law, and that would be a basis for a conversion. There would be no immunity for the officers. If they did, as alleged by your opponent, and they, under state law, converted the property, they would have no immunity from a claim about that. Unless there was procedural aspects, such as missing the window of opportunity to present a tort claim, as happened in this case. You're talking about essentially statutes of limitations and so on. Correct. Can I ask another question? Now, we have the Supreme Court case, and it's an excessive force case that basically says you can't sue on other parts of the Constitution under 1983 if it fits within the realm of the Fourth Amendment. And that's where they put excessive force. I'm not exactly sure what to do with non-excessive force cases. A Fourth Amendment violation is alleged, but you say it's not a Fourth Amendment violation and it's not excessive force. Can they proceed on some other constitutional theory? Well, if the Fourth Amendment applies, then you can't apply substantive due process. But you just say the Fourth Amendment. This is a logical problem I'm having. This isn't the Fourth Amendment, you say. It's clear it's not the Fourth Amendment. They didn't violate the Fourth Amendment. So why not substantive due process? This is not the excessive force situation where we're looking at a range of behavior and, okay, we're going to analyze it only under the Fourth Amendment. Have you got something else besides the excessive force case that says that in either the Supreme Court or the Ninth Circuit? Well, there's the Armendariz v. Penman case. And what kind of case was that? I believe that was seizure of property, real property, if I recall correctly, in condemning buildings. And it shows that the Graham v. Conner analysis of Fourth Amendment v. substantive due process does not just apply to excessive force. It applies to all search and seizure cases. And this is definitely a case about searches and seizures. Okay. In this case, following up my colleague's comment, if we were to consider a Fourteenth Amendment substantive due process kind of issue, that would be a new finding by us, and you'd have the same problem with the second prong of Pearson, would you not? We would, Your Honor, because it's not clearly established. Instead, the circuits are all over the place as to what you do with a situation like this. And that is not an obvious case. It's plainly not obvious to several judges in other circuits and district courts. Unless there's any further questions, I will submit. I think we have no further questions. Thank you, Your Honors. We have no extra time, Counsel, but since he gave up one, we're going to give you a minute because I can tell that you are really anxious to say something. I'm always anxious to say something. Ask my mom. Just a minute. Yes, Your Honor. All I can do, Your Honors, is emphasize that there are an admittedly small group of cases where the facts show, as we submit they do here, that officers intentionally violated the law, where you don't need a prior case. And this is such a case where officers come in and there are facts showing that they intended at the very time that they came in to make a way with property and never abide by the terms of the warrant. This is the rare case, as I think was stated in Wilson, where this court can find, notwithstanding the fact that there isn't a case on all fours with this, that there is a constitutional violation. And I fear for what might occur the same way that James Otis did if this court holds the otherwise. We appreciate it. Thank you. I'm very glad you're not taking the bar exam on this question. Thank you, Your Honor. I would not be happy with the result. Thank you both for your argument. The case just argued is submitted, and we will now hear argument on the final case of the morning, which is Center for Biological Diversity and Earth Institute versus the BIA. Excuse me. We've got a whole bunch of people here. Yonema and Sierra Pacific Industries.
judges: M. Smith, Nguyen, Restani